UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

JACK NORTON,

                                    Plaintiff,

-against-

CITY OF NEW YORK, MAYOR BILL DE BLASIO;
NEW YORK CITY POLICE DEPARTMENT,
COMMISSIONER DERMOT SHEA, NYPD CHIEF OF
DEPARTMENT TERENCE MONAHAN, NYPD
OFFICER JONATHAN WARFIELD, NYPD MEMBERS
JOHN AND JANE DOES 1-5

                                    Defendants.

------------------------------------------------------------------------ X

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, MAYOR BILL DEBLASIO, COMMISSIONER DERMOT SHEA, TERENCE MONAHAN, AND POLICE OFFICER JONATHAN WARFIELD**

21 Civ. 04884 (FB) (JRC)

**JURY TRIAL DEMANDED**

Defendants City of New York, Mayor Bill De Blasio, Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, and Police Officer Jonathan Warfield by their attorney, Georgia Pestana, Corporation Counsel of the City of New York, for their Answer to the Complaint respectfully allege as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint.

2.      Deny the allegations set forth in paragraph "2" of the Complaint except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint except admit that Mayor Bill De

Blasio is the Mayor of New York City, that plaintiff purports to sue him as stated therein and to the extent this paragraph contains conclusions of law no response is required.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint except admit that Dermot Shea is the Commissioner of the New York City Police Department, that plaintiff purports to sue him as stated therein and to the extent this paragraph contains conclusions of law no response is required.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint except admit that Terence Monahan is the NYPD Chief of Department, that plaintiff purports to sue him as stated therein and to the extent this paragraph contains conclusions of law no response is required.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Officer Warfield is an employee of the New York City Police Department, that he is assigned tax # 962159 and was working in the 60th pct. on the date of the incident. Defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that Officer Warfield is an employee of the New York City Police Department.

8.      Deny the allegations set forth in paragraph "8" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

10.     Deny the allegations set forth in paragraph "10" of the Complaint except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 31, 2020.

11.     Deny the allegations set forth in paragraph "11" of the Complaint except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 31, 2020 and that to date, this matter has not been resolved.

12.     Deny the allegations set forth in paragraph "12" of the Complaint except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 31, 2020.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint, except admit following the death of George Floyd there were protests.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Admit that in the summer of 2020 the Covid-19 pandemic was a concern across the country.

20.     In response to the allegations set forth in paragraph "20" of the Complaint, defendants respectfully refer the Court to the order cited therein for a full statement of their contents.

21.     Deny the allegations set forth in paragraph "21" of the Complaint and respectfully refer the Court to the AG Report cited therein for a full statement of their contents.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     In response to the allegations set forth in paragraph "23" of the Complaint, defendants respectfully refer the Court to the materials cited therein for a full statement of their contents.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit plaintiff purports to incorporate allegations in other federal cases herein.

25.     Deny the allegations set forth in paragraph "25" of the Complaint, except admit plaintiff purports to incorporate allegations in other federal cases herein.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint except admit that plaintiff was issued a summons at the 78th Precinct and subsequently released.

37.     Admit the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint and all of the subparts therein.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint and respectfully refer the Court to the materials cited therein for a full statement of their contents.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" except admit that the document stated therein exists.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint, and respectfully refer the Court to the materials cited therein for a full statement of their contents.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, and respectfully refer the Court to the materials cited therein for a full statement of their contents.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to the materials cited therein for a full statement of their contents.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     Deny the allegations set forth in paragraph "438" of the Complaint and all of its subparts therein.

67.     Deny the allegations set forth in paragraph "67" of the Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

68.     Deny the allegations set forth in paragraph "68" of the Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

69.     Deny the allegations set forth in paragraph "69" of the Complaint and respectfully refer the Court to the materials cited therein for a full statement of their contents.

70.     Deny the allegations set forth in paragraph "70" of the Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

73.     Deny the allegations set forth in paragraph "73" of the Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

74.     Deny the allegations set forth in paragraph "74" of the Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

75.     Deny the allegations set forth in paragraph "75" of the Complaint and respectfully refer the Court to the materials cited therein for a full statement of their contents.

76.     Deny the allegations set forth in paragraph "76" of the Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint, insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required

79.     Deny the allegations set forth in paragraph "79" of the Complaint insofar as it contains averments of fact; insofar as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents

80.     Deny the allegations set forth in paragraph "80" of the Complaint insofar as it references other litigation, and contains averments of fact; insofar as it contains conclusions of law, no response is required.

81.     Deny the allegations set forth in paragraph "81" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

82.     Deny the allegations set forth in paragraph "82" of the Complaint, insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required; insofar as it references another case, respectfully refer the Court to the case referenced therein for a true and accurate recitation of its contents.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required;

insofar as it references another case, respectfully refer the Court to the case referenced therein for a true and accurate recitation of its contents.

87.     Deny the allegations set forth in paragraph "87" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

88.     Deny the allegations set forth in paragraph "88" of the Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint, insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint except admit that certain public health orders were set in place during the COVID-19 pandemic

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint, insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

117.    Deny the allegations set forth in paragraph "117" of the Complaint, insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

118.    Admit that the Attorney General for the State of New York issued a preliminary report in July 2020 and defendants respectfully refer the Court to the materials cited therein for a full statement of their contents.

119.    Deny the allegations set forth in paragraph "119" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

120.    Deny the allegations set forth in paragraph "120" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

121.    Admit that the DOI issued a preliminary report in December 2020 and defendants respectfully refer the Court to the materials cited therein for a full statement of their contents

122.    Deny the allegations set forth in paragraph "122" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents..

123.    Deny the allegations set forth in paragraph "123" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

124.    Deny the allegations set forth in paragraph "124" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

125.    Deny the allegations set forth in paragraph "125" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

126.    Deny the allegations set forth in paragraph "126" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

127.    Deny the allegations set forth in paragraph "127" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

128.    Deny the allegations set forth in paragraph "128" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

129.    Deny the allegations set forth in paragraph "129" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

130.    Deny the allegations set forth in paragraph "130" of the Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    In response to the allegations set forth in paragraph "132" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

133.    Deny the allegations set forth in paragraph "133" of the Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

138.    In response to the allegations set forth in paragraph "138" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Complaint.

142.    In response to the allegations set forth in paragraph "142" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

143.    Deny the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint and all of its subparts contained therein.

145.    Deny the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Complaint

148.    Deny the allegations set forth in paragraph "148" of the Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Complaint.

157.    Deny the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint.

159.    Deny the allegations set forth in paragraph "159" of the Complaint.

160.    Deny the allegations set forth in paragraph "160" of the Complaint.

161.    In response to the allegations set forth in paragraph "161" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

162.    Deny the allegations set forth in paragraph "162" of the Complaint.

163.    Deny the allegations set forth in paragraph "163" of the Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Complaint.

165.    Deny the allegations set forth in paragraph "165" of the Complaint.

166.    In response to the allegations set forth in paragraph "166" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

167.    Deny the allegations set forth in paragraph "167" of the Complaint.

168.    Deny the allegations set forth in paragraph "168" of the Complaint.

169.    Deny the allegations set forth in paragraph "169" of the Complaint.

170.    Deny the allegations set forth in paragraph "170" of the Complaint.

171.    Deny the allegations set forth in paragraph "171" of the Complaint.

172.     In response to the allegations set forth in paragraph "172" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

173.     Deny the allegations set forth in paragraph "173" of the Complaint.

174.     Deny the allegations set forth in paragraph "174" of the Complaint.

175.     Deny the allegations set forth in paragraph "175" of the Complaint.

176.     In response to the allegations set forth in paragraph "176" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

177.     Deny the allegations set forth in paragraph "177" of the Complaint.

178.     Deny the allegations set forth in paragraph "178" of the Complaint.

179.     Deny the allegations set forth in paragraph "179" of the Complaint.

180.     Deny the allegations set forth in paragraph "180" of the Complaint.

181.     Deny the allegations set forth in paragraph "181" of the Complaint.

182.     Deny the allegations set forth in paragraph "182" of the Complaint.

183.     Deny the allegations set forth in paragraph "183" of the Complaint.

184.     In response to the allegations set forth in paragraph "184" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

185.     Deny the allegations set forth in paragraph "185" of the Complaint.

186.     Deny the allegations set forth in paragraph "186" of the Complaint.

187.     Deny the allegations set forth in paragraph "187" of the Complaint.

188.     Deny the allegations set forth in paragraph "188" of the Complaint.

189.    In response to the allegations set forth in paragraph "189" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

190.    Deny the allegations set forth in paragraph "190" of the Complaint.

191.    Deny the allegations set forth in paragraph "191" of the Complaint.

192.    In response to the allegations set forth in paragraph "192" of the Complaint, defendants repeat and re-alleges the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

193.    Deny the allegations set forth in paragraph "193" of the Complaint.

194.    Deny the allegations set forth in paragraph "194" of the Complaint.

195.    Deny the allegations set forth in paragraph "195" of the Complaint.

196.    Deny the allegations set forth in paragraph "196" of the Complaint.

197.    Deny the allegations set forth in paragraph "197" of the Complaint.

198.    Deny the allegations set forth in paragraph "198" of the Complaint.

199.    Deny the allegations set forth in paragraph "199" of the Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Complaint.

201.    Deny the allegations set forth in paragraph "201" of the Complaint.

202.    Deny the allegations set forth in paragraph "202" of the Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Complaint.

204.    Deny the allegations set forth in paragraph "204" of the Complaint.

205.    Deny the allegations set forth in paragraph "205" of the Complaint.

206.    Deny the allegations set forth in paragraph "206" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

207.     The Complaint fails, in part, or in whole, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

208.     There was probable cause for plaintiff's arrest and detention.

## THIRD AFFIRMATIVE DEFENSE:

209.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, and/or the conduct of third parties, and was not the proximate result of any act of Defendants.

## FOURTH AFFIRMATIVE DEFENSE:

210.     Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

211.     Plaintiff's claims are barred, in whole or in part, by her own contributory and comparative negligence and by assumption of risk.

## SIXTH AFFIRMATIVE DEFENSE:

212.     To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE:

213.     Punitive damages are not recoverable against the City of New York.

## EIGHTH AFFIRMATIVE DEFENSE:

214.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### NINTH AFFIRMATIVE DEFENSE:

215.    Plaintiff provoked any incident.

### TENTH AFFIRMATIVE DEFENSE:

216.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE:

217.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

### TWELFTH AFFIRMATIVE DEFENSE:

218.    Plaintiff has failed to mitigate his alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE:

219.    Defendants Mayor Bill De Blasio, Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, and Police Officer Jonathan Warfield have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE:

220.    At all times relevant to the acts alleged in the Complaint, defendants Mayor Bill De Blasio, Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, and Police Officer Jonathan Warfield acted reasonably in the proper and lawful exercise of their discretion.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

221.     To the extent defendant Police Officer Jonathan Warfield used any force, it was reasonable, justified, and necessary to accomplish official duties and to protect their own physical safety and the safety of others.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

222.     Defendants Mayor Bill De Blasio, Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan, lacked personal involvement in any purported constitutional violation.

**WHEREFORE,** Defendants City of New York, Mayor Bill De Blasio, Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, and Police Officer Jonathan Warfield request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
　　　 November 15, 2021

GEORGIA PESTANA
Corporation Counsel of the
　City of New York
*Attorney for Defendants City, Mayor Bill De Blasio,*
*Commissioner Dermot Shea, NYPD Chief of*
*Department Terence Monahan, and Police Officer*
*Jonathan Warfield*
New York, New York 10007
(212) 356-2371


By:　 /s/　**Stephen M. Suhovsky**
　　　　Stephen M. Suhovsky
　　　　*Senior Counsel*
　　　　Special Federal Litigation Division


cc:　 Elena L. Cohen, Esq. (BY ECF)
　　　 J. Remy Green
　　　 Jessica Massimi
　　　 *Attorneys for Plaintiff*

- 20 -