UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

JACK NORTON,

                                          Plaintiff,

                    -against-

CITY OF NEW YORK, MAYOR BILL DE BLASIO; NEW
YORK CITY POLICE DEPARTMENT, COMMISSIONER
DERMOT SHEA, NYPD CHIEF OF DEPARTMENT
TERENCE MONAHAN, NYPD OFFICER JONATHAN
WARFIELD, NYPD SERGEANT BILAL ATES; JOHN
AND JANE DOES 1-5

                                          Defendants.

------------------------------------------------------------------------ X

**ANSWER TO THE
AMENDED  COMPLAINT ON
BEHALF OF DEFENDANTS
CITY OF NEW YORK,
MAYOR BILL DEBLASIO,
COMMISSIONER DERMOT
SHEA, TERENCE
MONAHAN, AND POLICE
OFFICER JONATHAN
WARFIELD**

21 Civ. 04884 (FB) (JRC)

**JURY TRIAL DEMANDED**

Defendants City of New York, former Mayor Bill de Blasio, former New York City Police Department ("NYPD") Commissioner Dermot Shea, former NYPD Chief of Department Terence Monahan, and Police Officer Jonathan Warfield by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint respectfully allege as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Amended Complaint.

2.      Deny the allegations set forth in paragraph "2" of the Amended Complaint except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Amended Complaint except admit that Mayor Bill De Blasio was the Mayor of New York City on June 2, 2020, that plaintiff purports to sue

him as stated therein and to the extent this paragraph contains conclusions of law no response is required.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Amended Complaint except admit that Dermot Shea was the Commissioner of the NYPD, that plaintiff purports to sue him as stated therein and to the extent this paragraph contains conclusions of law no response is required.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Amended Complaint except admit that Terence Monahan was the NYPD Chief of Department on June 2, 2020, that plaintiff purports to sue him as stated therein and to the extent this paragraph contains conclusions of law no response is required.

6.      Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that Officer Warfield is an employee of the NYPD, that he is assigned Tax No. 962159 and Shield No. 11222, and that he was assigned to the 60th Precinct on the date of the incident; and further admit that Sergeant Bilal Ates is an employee of the NYPD, that he is assigned Tax No. 934429 and Shield No. 03374, and that he was assigned to Narcotics Borough Brooklyn South on June 2, 2020. Defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint, except admit that Officer Warfield is an employee of the NYPD.

8.      Deny the allegations set forth in paragraph "8" of the Amended Complaint except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

10.      Deny the allegations set forth in paragraph "10" of the Amended Complaint except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 31, 2020.

11.      Deny the allegations set forth in paragraph "11" of the Amended Complaint except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 31, 2020 and that to date, this matter has not been resolved.

12.      Deny the allegations set forth in paragraph "12" of the Amended Complaint except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 31, 2020.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint, except admit following the death of George Floyd there were protests.

14.      Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15.      Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16.      Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17.      Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19.     Admit only that in the summer of 2020 the Covid-19 pandemic was a concern across the country.

20.     In response to the allegations set forth in paragraph "20" of the Amended Complaint, defendants respectfully refer the Court to the order cited therein for a full statement of their contents.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint and respectfully refer the Court to the AG Report cited therein for a full statement of their contents.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23.     In response to the allegations set forth in paragraph "23" of the Amended Complaint, defendants respectfully refer the Court to the materials cited therein for a full statement of their contents.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit plaintiff purports to incorporate allegations in other federal cases herein.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint, except admit plaintiff purports to incorporate allegations in other federal cases herein.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Amended Complaint; except admit, upon information and belief, that Sergeant Bilal Ates had a physical interaction with plaintiff on June 2, 2020.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint, except admit, upon information and belief, that Sergeant Bilal Ates had a physical interaction with plaintiff on June 2, 2020, which resulted in plaintiff being taken to the ground.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Amended Complaint as they pertain to defendant Warfield; otherwise deny information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Amended Complaint as they pertain to defendant Warfield; otherwise deny information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint except admit that plaintiff was issued a summons at the 78th Precinct and subsequently released.

37.     Admit the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Amended Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Amended Complaint and all of the subparts therein.

47.     Deny          the          allegations          set          forth          in          paragraph "47" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Amended Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint as it references unidentified lawsuits.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint and respectfully refer the Court to the materials cited therein for a full statement of their contents.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" except admit that the document stated therein exists.

59.     Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full statement of their contents.

61.     Deny the allegations set forth in paragraph "61" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full statement of their contents.

62.     Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63.     Deny the allegations set forth in paragraph "63" of the Amended Complaint, and respectfully refer the Court to the materials cited therein for a full statement of their contents.

64.     Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66.     Deny the allegations set forth in paragraph "438" of the Amended Complaint and all of its subparts therein.

67.     Deny the allegations set forth in paragraph "66" of the Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

68.     Deny the allegations set forth in paragraph "67" of the Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

69.     Deny the allegations set forth in paragraph "68" of the Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

70.     Deny the allegations set forth in paragraph "69" of the Amended Complaint and respectfully refer the Court to the materials cited therein for a full statement of their contents.

71.     Deny the allegations set forth in paragraph "70" of the Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

72.     Deny the allegations set forth in paragraph "71" of the Amended Complaint.

73.     Deny the allegations set forth in paragraph "72" of the Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

74.    Deny the allegations set forth in paragraph "73" of the Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

75.    Deny the allegations set forth in paragraph "74" of the Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

76.    Deny the allegations set forth in paragraph "75" of the Amended Complaint and respectfully refer the Court to the materials cited therein for a full statement of their contents.

77.    Deny the allegations set forth in paragraph "76" of the Amended Complaint insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

78.    Deny the allegations set forth in paragraph "77" of the Amended Complaint.

79.    Deny the allegations set forth in paragraph "78" of the Amended Complaint, insofar as it contains averment of fact; insofar as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

80.    Deny the allegations set forth in paragraph "79" of the Amended Complaint insofar as it contains averments of fact; insofar as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

81.     Deny the allegations set forth in paragraph "80" of the Amended Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.  Defendants further refer the Court to the cited litigation for a complete and accurate recitation of its contents.

82.     Deny the allegations set forth in paragraph "81" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

83.     Deny the allegations set forth in paragraph "82" of the Amended Complaint, insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

84.     Deny the allegations set forth in paragraph "83" of the Amended Complaint.

85.     Deny the allegations set forth in paragraph "84" of the Amended Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required; insofar as it references another case, respectfully refer the Court to the case referenced therein for a true and accurate recitation of its contents.

86.     Deny the allegations set forth in paragraph "85" of the Amended Complaint.

87.     Deny the allegations set forth in paragraph "86" of the Amended Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required; insofar as it references another case, respectfully refer the Court to the case referenced therein for a true and accurate recitation of its contents.

88.     Deny the allegations set forth in paragraph "87" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

89.     Deny the allegations set forth in paragraph "88" of the Amended Complaint, insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

90.     Deny the allegations set forth in paragraph "89" of the Amended Complaint.

91.     Deny the allegations set forth in paragraph "90" of the Amended Complaint.

92.     Deny the allegations set forth in paragraph "91" of the Amended Complaint.

93.     Deny the allegations set forth in paragraph "92" of the Amended Complaint.

94.     Deny the allegations set forth in paragraph "93" of the Amended Complaint.

95.     Deny the allegations set forth in paragraph "94" of the Amended Complaint.

96.     Deny the allegations set forth in paragraph "95" of the Amended Complaint.

97.     Deny the allegations set forth in paragraph "96" of the Amended Complaint.

98.     Deny the allegations set forth in paragraph "97" of the Amended Complaint.

99.     Deny the allegations set forth in paragraph "98" of the Amended Complaint.

100.    Deny the allegations set forth in paragraph "99" of the Amended Complaint.

101.    Deny the allegations set forth in paragraph "100" of the Amended Complaint.

102.    Deny the allegations set forth in paragraph "101" of the Amended Complaint.

103.    Deny the allegations set forth in paragraph "102" of the Amended Complaint.

104.    Deny the allegations set forth in paragraph "103" of the Amended Complaint.

105.    Deny the allegations set forth in paragraph "104" of the Amended Complaint, insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

106.    Deny the allegations set forth in paragraph "105" of the Amended Complaint.

107.    Deny the allegations set forth in paragraph "106" of the Amended Complaint except admit that certain public health orders were set in place during the COVID-19 pandemic.

108.    Deny the allegations set forth in paragraph "107" of the Amended Complaint.

109.    Deny the allegations set forth in paragraph "108" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to unidentified individuals.

110.    Deny the allegations set forth in paragraph "109" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to unidentified individuals.

111.    Deny the allegations set forth in paragraph "110" of the Amended Complaint.

112.    Deny the allegations set forth in paragraph "111" of the Amended Complaint.

113.    Deny the allegations set forth in paragraph "112" of the Amended Complaint.

114.    Deny the allegations set forth in paragraph "113" of the Amended Complaint.

115.    Deny the allegations set forth in paragraph "114" of the Amended Complaint.

116.    Deny the allegations set forth in paragraph "115" of the Amended Complaint.

117.    Deny the allegations set forth in paragraph "116" of the Amended Complaint, insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

118.    Deny the allegations set forth in paragraph "117" of the Amended Complaint,  insofar as it contains averment of fact; insofar as it contains conclusions of law, no response is required.

119.    In response to paragraph "118" of the Amended Complaint, admit that the Attorney General for the State of New York issued a preliminary report in July 2020 and defendants respectfully refer the Court to the materials cited therein for a full statement of their contents.

120.    Deny the allegations set forth in paragraph "119" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

121.    Deny the allegations set forth in paragraph "120" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

122.    In response to paragraph "121" of the Amended Complaint, admit that the DOI issued a preliminary report in December 2020 and defendants respectfully refer the Court to the materials cited therein for a full statement of their contents.

123.    Deny the allegations set forth in paragraph "122" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

124.   Deny the allegations set forth in paragraph "123" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

125.   Deny the allegations set forth in paragraph "124" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

126.   Deny the allegations set forth in paragraph "125" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

127.   Deny the allegations set forth in paragraph "126" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

128.   Deny the allegations set forth in paragraph "127" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

129.   Deny the allegations set forth in paragraph "128" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document,

respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

130.    Deny the allegations set forth in paragraph "129" of the Amended Complaint insofar as it contains averments of fact; insofar  as it references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Amended Complaint; further, insofar as the paragraph references a document, respectfully refer the Court to the document referenced therein for a true and accurate recitation of its contents.

132.    Deny the allegations set forth in paragraph "131" of the Amended Complaint.

133.    In response to the allegations set forth in paragraph "132" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

134.    Deny the allegations set forth in paragraph "133" of the Amended Complaint.

135.    Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Amended Complaint.

136.    Deny the allegations set forth in paragraph "135" of the Amended Complaint.

137.    Deny the allegations set forth in paragraph "136" of the Amended Complaint.

138.    Deny the allegations set forth in paragraph "137" of the Amended Complaint.

139.    In response to the allegations set forth in paragraph "138" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

140.    Deny the allegations set forth in paragraph "139" of the Amended Complaint.

141.    Deny the allegations set forth in paragraph "140" of the Amended Complaint.

142.    Deny the allegations set forth in paragraph "141" of the Amended Complaint.

143.    In response to the allegations set forth in paragraph "142" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

144.    Deny the allegations set forth in paragraph "143" of the Amended Complaint.

145.    Deny the allegations set forth in paragraph "144" of the Amended Complaint and all of its subparts contained therein.

146.    Deny the allegations set forth in paragraph "145" of the Amended Complaint.

147.    Deny the allegations set forth in paragraph "146" of the Amended Complaint.

148.    Deny the allegations set forth in paragraph "147" of the Amended Complaint.

149.    Deny the allegations set forth in paragraph "148" of the Amended Complaint.

150.    Deny the allegations set forth in paragraph "149" of the Amended Complaint.

151.    Deny the allegations set forth in paragraph "150" of the Amended Complaint.

152.    Deny the allegations set forth in paragraph "151" of the Amended Complaint.

153.    Deny the allegations set forth in paragraph "152" of the Amended Complaint.

154.    Deny the allegations set forth in paragraph "153" of the Amended Complaint.

155.    Deny the allegations set forth in paragraph "154" of the Amended Complaint.

156.    Deny the allegations set forth in paragraph "155" of the Amended Complaint.

157.    Deny the allegations set forth in paragraph "156" of the Amended Complaint.

158.    Deny the allegations set forth in paragraph "157" of the Amended Complaint.

159.    Deny the allegations set forth in paragraph "158" of the Amended Complaint.

160.    Deny the allegations set forth in paragraph "159" of the Amended Complaint.

161.    Deny the allegations set forth in paragraph "160" of the Amended Complaint.

162.    In response to the allegations set forth in paragraph "161" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

163.    Deny the allegations set forth in paragraph "162" of the Amended Complaint.

164.    Deny the allegations set forth in paragraph "163" of the Amended Complaint.

165.    Deny the allegations set forth in paragraph "164" of the Amended Complaint.

166.    Deny the allegations set forth in paragraph "165" of the Amended Complaint.

167.    In response to the allegations set forth in paragraph "166" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

168.    Deny the allegations set forth in paragraph "167" of the Amended Complaint.

169.    Deny the allegations set forth in paragraph "168" of the Amended Complaint.

170.    Deny the allegations set forth in paragraph "169" of the Amended Complaint.

171.    Deny the allegations set forth in paragraph "170" of the Amended Complaint.

172.    Deny the allegations set forth in paragraph "171" of the Amended Complaint.

173.    In response to the allegations set forth in paragraph "172" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

174.    Deny the allegations set forth in paragraph "173" of the Amended Complaint.

175.    Deny the allegations set forth in paragraph "174" of the Amended Complaint.

176.    Deny the allegations set forth in paragraph "175" of the Amended Complaint.

177.    In response to the allegations set forth in paragraph "176" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

178.    Deny the allegations set forth in paragraph "177" of the Amended Complaint.

179.    Deny the allegations set forth in paragraph "178" of the Amended Complaint.

180.    Deny the allegations set forth in paragraph "179" of the Amended Complaint.

181.    Deny the allegations set forth in paragraph "180" of the Amended Complaint.

182.    Deny the allegations set forth in paragraph "181" of the Amended Complaint.

183.    Deny the allegations set forth in paragraph "182" of the Amended Complaint.

184.    Deny the allegations set forth in paragraph "183" of the Amended Complaint.

185.    In response to the allegations set forth in paragraph "184" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

186.    Deny the allegations set forth in paragraph "185" of the Amended Complaint.

187.    Deny the allegations set forth in paragraph "186" of the Amended Complaint.

188.    Deny the allegations set forth in paragraph "187" of the Amended Complaint.

189.    Deny the allegations set forth in paragraph "188" of the Amended Complaint.

190.     In response to the allegations set forth in paragraph "189" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

191.     Deny the allegations set forth in paragraph "190" of the Amended Complaint.

192.     Deny the allegations set forth in paragraph "191" of the Amended Complaint.

193.     In response to the allegations set forth in paragraph "192" of the Amended Complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs inclusive of this answer as if fully set forth herein.

194.     Deny the allegations set forth in paragraph "193" of the Amended Complaint.

195.     Deny the allegations set forth in paragraph "194" of the Amended Complaint.

196.     Deny the allegations set forth in paragraph "195" of the Amended Complaint.

197.     Deny the allegations set forth in paragraph "196" of the Amended Complaint.

198.     Deny the allegations set forth in paragraph "197" of the Amended Complaint.

199.     Deny the allegations set forth in paragraph "198" of the Amended Complaint.

200.     Deny the allegations set forth in paragraph "199" of the Amended Complaint.

201.     Deny the allegations set forth in paragraph "200" of the Amended Complaint.

202.     Deny the allegations set forth in paragraph "201" of the Amended Complaint.

203.     Deny the allegations set forth in paragraph "202" of the Amended Complaint.

204.     Deny the allegations set forth in paragraph "203" of the Amended Complaint.

205.     Deny the allegations set forth in paragraph "204" of the Amended Complaint.

206.     Deny the allegations set forth in paragraph "205" of the Amended Complaint.

207.     Deny the allegations set forth in paragraph "206" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE:

208.     The Amended Complaint fails, in part, or in whole, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

209.     There was probable cause for plaintiff's arrest, detention, and prosecution because, *inter alia*, plaintiff was observed being outdoors past curfew, and failed to disperse after multiple requests to do so.

## THIRD AFFIRMATIVE DEFENSE:

210.    Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, and/or the conduct of third parties, and was not the proximate result of any act of Defendants Jonathan Warfield, City of New York, Mayor Bill de Blasio, Commissioner Dermot Shea, or NYPD Chief of Department Terence Monahan.

## FOURTH AFFIRMATIVE DEFENSE:

211.    Defendants Jonathan Warfield, City of New York, Mayor Bill de Blasio, Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

212.    Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## SIXTH AFFIRMATIVE DEFENSE:

213.    To the extent that the Amended Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE:

214.    Punitive damages are not recoverable against the City of New York.

## EIGHTH AFFIRMATIVE DEFENSE:

215.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## NINTH AFFIRMATIVE DEFENSE:

216.    Plaintiff provoked any incident.

## TENTH AFFIRMATIVE DEFENSE:

217.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE:

218.    At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## TWELFTH AFFIRMATIVE DEFENSE:

219.    Plaintiff may have failed to mitigate his alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE:

220.    Defendants Mayor Bill de Blasio, Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, and Police Officer Jonathan Warfield have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE:

221.    At all times relevant to the acts alleged in the Amended Complaint, defendants Mayor Bill de Blasio, Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, and Police Officer Jonathan Warfield acted reasonably in the proper and lawful exercise of their discretion.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

222. To the extent defendant Police Officer Jonathan Warfield used any force, it was reasonable, justified, and necessary to accomplish official duties and to protect his own physical safety and the safety of others.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

223. Defendants Mayor Bill de Blasio, Commissioner Dermot Shea, and NYPD Chief of Department Terence Monahan, lacked personal involvement in any purported constitutional violation.

**WHEREFORE,** Defendants City of New York, Mayor Bill de Blasio, Commissioner Dermot Shea, NYPD Chief of Department Terence Monahan, and Police Officer Jonathan Warfield request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      February 15, 2022

                         GEORGIA M. PESTANA
                         Corporation Counsel of the
                          City of New York
                         *Attorney for Defendants City, de Blasio, Shea, Monahan, and Warfield*
                         New York, New York 10007
                         (212) 356-2322

            By:    /s/ *Zachary Kalmbach*
                   Zachary Kalmbach
                   *Assistant Corporation Counsel*
                   Special Federal Litigation Division

**TO:**  **BY ECF**
     All counsel of record